■ In the Matter of the Claim of MARTIN TIERNEY, Respondent, v. INDEPENDENT WAREHOUSE CO., BAKER & WILLIAMS, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal by a self-insured employer from a decision and award of the Workmen's Compensation Board. On June 19, 1959 claimant, aged 69, a warehouseman in appellant's employ for the preceding 40 years was removing from a "flat" truck cartons of dishes each weighing up to 100 pounds. He testified that in the course of this activity one of the containers slipped from his shoulder and fell striking his left instep. He applied homespun remedies to the injury until July 27, 1959 when he first consulted a physician who, upon examination, found a massive gangrenous area in the vicinity of the middle and second toes of the left foot and directed his immediate removal to a hospital where they were amputated by a surgeon. Subsequently upon readmittance a left lumbar sympathectomy to accelerate the healing process was performed and to a slight extent the original operation surgically revised. Oral notice of the accident was given to the employer by claimant's son-in-law on July 27, 1959. Appellant challenges the board's findings of accident and casual relationship on the ground that they are not supported by substantial evidence and its excusal of the late filing of the notice of claim on the theory that it was prejudiced by claimant's failure to secure prompt medical attention. Claimant's testimony as to the happening of the accident was unequivocal. There was no direct proof to the contrary. The evidence of officers of appellant from which it was sought to create the inference that the accident did not occur presented only a question of his credibility, the determination of which was exclusively within the province of the board. The medical testimony was in agreement that claimant was suffering from pre-existing diabetes and arteriosclerosis. Based on his observations the operating surgeon testified that the injury was traumatic in origin and causally related to the accident. He further stated that the

gangrenous condition which he found could have occurred even though claimant had received medical attention at an earlier date. There was medical evidence to the contrary. The weight to be given the respective expert opinions presented a question of fact for the board's determination. We may not say as a matter of law that there is no substantial evidence to support its findings or that in the circumstances its excusal of the untimely filing was unreasonable. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, P. J., Coon, Herlihy, Reynolds and Taylor, JJ.